| | |
|---|---|
| IN RE AGGRENOX ANTITRUST LITIGATION | Docket No. 3:14 MD 2516 (SRU) |
| THIS DOCUMENT RELATES TO: ALL INDIRECT PURCHASER ACTIONS | |

FILED
2018 JUL 19 P 4: 27
US DISTRICT COURT
BRIDGEPORT CT

# ORDER GRANTING FINAL JUDGMENT AND ORDER OF DISMISSAL APPROVING INDIRECT PURCHASER CLASS SETTLEMENT AND DISMISSING INDIRECT <u>PURCHASER CLASS CLAIMS AGAINST BOEHRINGER AND TEVA</u>

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement between Defendants Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Barr Pharmaceuticals, Inc. (n/k/a Barr Pharmaceuticals, LLC), Barr Laboratories Inc., Duramed Pharmaceuticals Inc. (n/k/a Teva Women's Health Inc.), and Duramed Pharmaceutical Sales Corp. (n/k/a Teva Sales and Marketing, Inc.) ("Teva") (collectively "Defendants") and Indirect Purchaser Plaintiffs' Lead Counsel acting pursuant to the Court's Order, dated June 16, 2014 (Doc. No. 95), on behalf of Plaintiffs A.F. of L. – A.G.C. Building Trades Welfare Plan; AFSCME District Council 47 Health and Welfare Fund; AGC-International Union of Operating Engineers Local 701 Health & Welfare Trust Fund; International Union of Operating Engineers Local 49 Health & Welfare Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; Man-U Service Contract Trust Fund; NECA-IBEW Welfare Trust Fund; Painters District Council No. 30 Health & Welfare Fund; Pipefitters Union Local No. 537 Health

1

& Welfare Fund; Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund; School Cafeteria Employees Local No. 634 Health and Welfare Fund; Twin City Iron Workers Health and Welfare Fund; United Food and Commercial Workers Local 1776 & Participating Health and Welfare Fund; Welfare Plan of the International Union of Operations Engineers Locals 137, 137A, 137B, 137C, and 137R; The Electrical Workers' Insurance Fund; and Sergeant's Benevolent Association Health & Welfare Fund (collectively "Indirect Purchaser Class Plaintiffs," "named Plaintiffs," or "Plaintiffs"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among Defendants, Plaintiffs, and the Indirect Purchaser Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. On March 6, 2018, this Court certified a class for purposes of settlement ("Indirect Purchaser Class"):

> All persons or entities in the Commonwealth of Puerto Rico, Arizona, California, Colorado, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, who, in one of the listed states, indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for branded or generic Aggrenox, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, from November 30, 2009 through December 22, 2017.

The following persons or entities are excluded from the proposed Indirect Purchaser Class:

a. Defendants and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

b. All federal or state governmental entities, except cities, towns, or municipalities with self-funded prescription drug plans;

2

c. All persons or entities who purchased Aggrenox for purposes of resale or who purchased directly from the Defendant or their affiliates;

d. Fully insured health plans (plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members);

e. Pharmacy Benefits Managers (but not excluding affiliates, subsidiaries or related companies who would otherwise be included in the class definition);

a. Humana Inc. and its subsidiaries as listed in paragraph 4 of Humana's Second Amended Complaint, dated April 13, 2015 (Doc. No. 239);

b. Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana ("BCBSLA");

c. Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs);

d. Co-payers (consumers) who did not purchase branded Aggrenox before July 1, 2015 *and* who have a flat generic co-pay, *i.e.* a fixed dollar copayment (*e.g.*, $10 for generic drugs) regardless of the co-payment applicable to branded drugs;

e. All persons that purchased or received branded or generic Aggrenox through a Medicaid program only; and

f. The judges in this case and any members of their immediate families;

g. All persons or entities who purchased Aggrenox in the State of Rhode Island prior to July 15, 2013; and

h. All persons or entities who purchased Aggrenox in the State of Oregon before 2010.

3. The Court has appointed the following as representatives of the Indirect Purchaser Class (the "Class Representatives"): A.F. of L. – A.G.C. Building Trades Welfare Plan; AFSCME District Council 47 Health and Welfare Fund; AGC-International Union of Operating Engineers Local 701 Health & Welfare Trust Fund; International Union of Operating Engineers Local 49

3

Health & Welfare Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; Man-U Service Contract Trust Fund; NECA-IBEW Welfare Trust Fund; Painters District Council No. 30 Health & Welfare Fund; Pipefitters Union Local No. 537 Health & Welfare Fund; Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund; School Cafeteria Employees Local No. 634 Health and Welfare Fund; Twin City Iron Workers Health and Welfare Fund; United Food and Commercial Workers Local 1776 & Participating Health and Welfare Fund; Welfare Plan of the International Union of Operations Engineers Locals 137, 137A, 137B, 137C, and 137R; The Electrical Workers' Insurance Fund; and Sergeant's Benevolent Association Health & Welfare Fund. The Court has found that Lead Counsel, Liaison Counsel and the Executive Committee ("Class Counsel") have fairly and adequately represented the interests of the Indirect Purchaser Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4. The Court has jurisdiction over these actions, each of the parties, and all members of the Indirect Purchaser Class for all manifestations of this case, including this Settlement.

5. The notice of settlement (substantially in the form presented to this Court as Exhibit B to the Settlement Agreement) (the "Notice") directed to the members of the Class, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all members of the Indirect Purchaser Class who were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Indirect Purchaser Class members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Class members to opt out of the Indirect Purchaser Class and/or object to the Settlement.

6. Due and adequate notice of the proceedings having been given to the Indirect Purchaser Class and a full opportunity having been offered to the Indirect Purchaser Class to

participate in the July 19, 2018 Fairness Hearing, it is hereby determined that all Indirect Purchaser Class members are bound by this Order and Final Judgment.

7. The Settlement of this Indirect Purchaser Class Action was not the product of collusion between the Indirect Purchaser Class Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Indirect Purchaser Class Counsel and counsel for Defendants, with the assistance of a mediator.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement in the amount of $50,229,193.00, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Indirect Purchaser Class members. The Court approves the amount deposited by Defendants into the Settlement Fund. The final net amount of the Settlement is $50,229,193.00, which is the Settlement Fund Amount of $54,000,000.00 minus the agreed-upon drawdown amount. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan of Allocation"), which was summarized in the Notice of Proposed Settlement and is attached to Indirect Purchaser Class Plaintiffs' Motion for Final Approval of Settlement, and directs A.B. Data, Ltd., the firm retained by Indirect Purchaser Class Counsel as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

10. All claims against Defendants in *In re Aggrenox Antitrust Litigation.*, Civil Action No. 3:14-md-02516-(SRU) (D. Conn.) (the "Indirect Purchaser Class Action"), including by those members of the Indirect Purchaser Class who have not timely excluded themselves from the Indirect Purchaser Class, are hereby dismissed with prejudice, and without costs.

11. The following class members have timely excluded themselves from the Indirect

Purchaser Class: Annin Flagmakers, Argos USA, LLC, Aetna, Inc. and its wholly-owned subsidiaries, Blue Cross and Blue Shield of Florida, Inc. and its wholly-owned subsidiaries, BlueCross BlueShield of Tennessee and its wholly-owned subsidiaries, Blue Cross and Blue Shield of Vermont and its wholly-owned subsidiaries, Carefirst of Maryland, Inc. and Group Hospitalization and Medical Services, Inc. and its wholly-owned subsidiaries, Cigna Health and Life Insurance Company and its subsidiaries, Betty M. Fletcher, Government Employees Health Association, Inc., Kaiser Foundation Health Plan of Washington, Johns Hopkins HealthCare, LLC and Priority Health.

12. Upon the Settlement Agreement becoming final in accordance with paragraph 7 of the Settlement Agreement, Plaintiffs and the Indirect Purchaser Class, except those who have requested exclusion from the Class and such request has been approved by the Court, shall unconditionally, fully and finally release and forever discharge Defendants, any past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that Plaintiffs or any member or members of the Indirect Purchaser Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"),

6

whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, indirectly, representatively, derivatively or in any other capacity, arising out of or relating in any way to any claim under federal or state laws that was alleged or could have been alleged in the Indirect Purchaser Class Action, prior to the date of this Settlement, including but not limited to:

    (1)    the alleged delayed entry of generic Aggrenox;

    (2)    conduct with respect to the procurement, maintenance and enforcement of United States Patent No. 6,015,577; and

    (3)    the sale, marketing or distribution of Aggrenox or generic Aggrenox except as provided for in paragraph 15 herein,

(the "Released Claims").

Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims. For the avoidance of doubt, the release provided herein applies, without limitation, to any conduct relating to the procurement, maintenance or enforcement of United States Patent Number 6,015,577, including any commencement, maintenance, defense or other participation in litigation concerning any such patent, that was alleged in, could be fairly characterized as being alleged in, is related to an allegation made in, or could have been alleged in the Indirect Purchaser Class Action.

13. In addition, Plaintiffs on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

7

Plaintiffs and members of the Indirect Purchaser Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 13, but each Plaintiff and member of the Indirect Purchaser Class hereby expressly waives and fully, finally and forever settles, releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Indirect Purchaser Class also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

14. In addition, Plaintiffs on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs and members of the Indirect Purchaser Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 16, but each Plaintiff and member of the Indirect Purchaser Class hereby expressly waives and fully, finally and forever settles, releases and

discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Indirect Purchaser Class also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

15. The releases set forth in paragraphs 12-14 of this Order shall not release claims between Plaintiffs, members of the Indirect Purchaser Class, and the Released Parties unrelated to the allegations in *In re Aggrenox Antitrust Litigation.,* Civil Action No. 3:14-md-02516-(SRU) (D. Conn.), including claims under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury, or other claims unrelated to the allegations in *In re Aggrenox Antitrust Litigation.,* Civil Action No. 3:14-md-02516-(SRU) (D. Conn.).

16. Class Counsel for the Indirect Purchaser Class have moved for an award of attorneys' fees, reimbursement of expenses and incentive awards for the class representatives. Class Counsel request an award of attorneys' fees of 33 1/3% of the Settlement (including the interest accrued thereon), reimbursement of the reasonable costs and expenses incurred in the prosecution of this action in the amount of $439,514.59, and incentive awards totaling $160,000 collectively for the 16 named plaintiffs, and such motion has been on the docket and otherwise publicly available since April 13, 2018.

17. Upon consideration of Class Counsel's petition for fees, costs and expenses, Class Counsel are hereby awarded attorneys' fees totaling $16,743,064.00 (representing 33 1/3 % of the Settlement Fund)

and costs and expenses totaling $439,514.59, together with a proportionate share of the interest thereon from the date the funds are deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund and Set Aside Fund and only if and after the Settlement becomes final in accordance with the Settlement Agreement. Upon consideration of Class counsel's petition for incentive payments for Indirect Purchaser Class Representatives, each of A.F. of L. – A.G.C. Building Trades Welfare Plan; AFSCME District Council 47 Health and Welfare Fund; AGC-International Union of Operating Engineers Local 701 Health & Welfare Trust Fund; International Union of Operating Engineers Local 49 Health & Welfare Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; Man-U Service Contract Trust Fund; NECA-IBEW Welfare Trust Fund; Painters District Council No. 30 Health & Welfare Fund; Pipefitters Union Local No. 537 Health & Welfare Fund; Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund; School Cafeteria Employees Local No. 634 Health and Welfare Fund; Twin City Iron Workers Health and Welfare Fund; United Food and Commercial Workers Local 1776 & Participating Health and Welfare Fund; Welfare Plan of the International Union of Operations Engineers Locals 137, 137A, 137B, 137C, and 137R; The Electrical Workers' Insurance Fund; and Sergeant's Benevolent Association Health & Welfare Fund are hereby awarded $10,000.00 each, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 7 of the Settlement Agreement. Miller Law LLC, Hilliard & Shadowen, and Heins Mills & Olson shall allocate and distribute such attorneys' fees, costs and expenses among the various Class Counsel which have participated in this litigation. Miller Law LLC, Hilliard & Shadowen, and Heins Mills & Olson shall allocate and distribute such incentive awards among the various Indirect Purchaser Class Representatives which have participated in this litigation. The Released Parties (as defined in paragraph 14 of the Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards among Class Counsel and/or Class Representatives, nor with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to

any other person or entity who may assert any claim thereto. The attorneys' fees, costs and expenses, and incentive awards authorized and approved by this Final Order and Judgment shall be paid to Miller Law LLC, Hilliard & Shadowen, and Heins Mills & Olson within five (5) business days after this Settlement becomes final pursuant to paragraph 7 of the Settlement Agreement or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreement and the Escrow Agreement. The attorneys' fees, costs and expenses, and incentive award authorized and approved by this Final Order and Judgment shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Indirect Purchaser Class member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and incentive awards, and Plaintiffs and members of the Indirect Purchaser Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or incentive awards from Defendants other than the Settlement Fund.

18. The Court further orders that, in the event that Defendants resolve the claims of any members of or Opt Out(s) from the Indirect Purchaser Class (not including Humana and its subsidiaries as listed in paragraph 4 of Humana's Second Amended Complaint, dated April 13, 2015 (Doc. No. 239) or BCBSLA), Defendants shall, in accordance with Paragraph 5.c. of the Settlement Agreement, place into an interest-bearing escrow account to be established by Indirect Purchaser Class' Lead Counsel an amount equal to 10% of the amount of the settlement with the member or Opt Out, which may be paid to Class Counsel pursuant to further order of Court.

19. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Order and Judgment.

20. The Court finds that this Final Order and Judgment adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the Indirect Purchaser Class), and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any

evidence or admission by Defendants or any other Released Party on liability, any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any released Party in responding to any action purporting to assert Released Claims.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of July 2018.

/s/Stefan R. Underhill
Stefan R. Underhill
United States District Judge